**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4281**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY CAMPBELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:14-cr-00098-F-1)

Submitted:  September 25, 2019                    Decided:  November 8, 2019

Before KING and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Chief Appellate Attorney, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Campbell appeals his jury convictions for kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (2012) (Count 1), discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (Count 2), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012) (Count 3). Campbell contends that he is innocent of Count 2 because kidnapping is not a crime of violence for purposes of § 924(c). He also asserts that the evidence was not sufficient to convict him of Count 1 because the Government failed to show that he used an instrumentality of interstate commerce in furtherance of the kidnapping. We affirm in part, vacate in part, and remand for resentencing.

Because Campbell did not argue in the district court that kidnapping fails to qualify as a crime of violence, we review his claim for plain error. *See United States v. Walker*, 934 F.3d 375, 377-78 (4th Cir. 2019). To prevail, Campbell "must show (1) an error that (2) was clear or obvious, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 378 (alteration omitted) (internal quotation marks omitted).

Section 924(c)(3) provides two definitions of the term "crime of violence" — the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court concluded that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. And in *Walker*, we determined that federal kidnapping did not qualify as a crime of violence under the force clause in § 924(c)(3)(A). 934 F.3d at 379. The parties thus agree that Count 2 should be vacated

2

because federal kidnapping does not qualify as a crime of violence under § 924(c)(3) in light of *Davis* and *Walker*. We also agree. We therefore vacate Campbell's § 924(c) conviction and remand for resentencing. *See id.* at 379-80.

Next, we review de novo the sufficiency of the evidence supporting a conviction. *See United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). A defendant challenging the sufficiency of the evidence supporting a conviction carries "a heavy burden." *Id.* (internal quotation marks omitted). We will uphold a conviction if, "view[ing] the evidence in the light most favorable to the government . . . [,] *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014) (internal quotation marks omitted). To obtain a conviction for federal kidnapping, the Government must prove, as relevant here, that the defendant "unlawfully seize[d], confine[d], . . . or carrie[d] away" a person and that the person was held "for ransom or reward or otherwise." 18 U.S.C. § 1201(a). The Government must also prove that the defendant used "any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." *Id.* § 1201(a)(1).

We conclude that the evidence was sufficient to prove that Campbell used an instrumentality of interstate commerce in furtherance of the kidnapping offense. The parties do not contest that Campbell used a cell phone and that cell phones are instrumentalities of interstate commerce. Campbell argues, however, that his use of a cell phone was merely incidental to the kidnapping because the kidnapping had already been completed when he used the cell phone. He therefore contends that his use of the cell

phone was not "in furtherance of" the kidnapping. But Campbell's use of a cell phone directly furthered the kidnapping. In particular, Campbell used a cell phone numerous times in communicating with the police and others. And he even used the cell phone during the kidnapping to ask for marijuana in exchange for surrendering and allowing the hostages to leave unharmed. These demands were clearly in furtherance of the kidnapping because they constitute demands for a ransom as described in § 1201(a). Because Campbell clearly used an instrumentality of interstate commerce in furtherance of the kidnapping, sufficient evidence supports his kidnapping conviction.

Accordingly, we affirm the judgment of the district court in part, vacate the judgment in part, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*